■ BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT NO. 6, TOWN OF BABYLON, SUFFOLK COUNTY, AND TOWN OF OYSTER BAY, NASSAU COUNTY, Respondent, v. AMITYVILLE TEACHERS ASSOCIATION, Appellant, and AMERICAN ARBITRATION ASSOCIATION, Defendant.— Appeal from so much of a judgment of the Supreme Court, Nassau County, entered August 26, 1971, as (1) adjudged that there is no grievance on the part of appellant against petitioner subject to arbitration, (2) stayed arbitration demanded by appellant and (3) denied appellant's cross motion to compel arbitration. Judgment affirmed insofar as appealed from, without costs (see *Matter of Associated Teachers of Huntington* v. *Board of Educ., Union Free School Dist. No. 3, Town of Huntington*, 40 A D 2d 122). Munder, Latham and Shapiro, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment insofar as appealed from, to deny the application and to grant the cross motion to compel arbitration, with the following memorandum, in which Rabin, P. J., concurs: Special Term has stayed arbitration of the dispute between respondent and appellant whether respondent prior to the effective date of section 82 of the Civil Service Law (April 12, 1971) had granted sabbatical leaves to three teachers. Special Term decided that no arbitrable issue existed, because in its view no sabbatical leaves had indeed been granted by respondent. Special Term, by this decision, undertook the role of the arbitrator. The issue it decided was the one to be submitted for arbitration. The role of the court, on the other hand, is simply to determine whether the issue is arbitrable, i.e., an issue contemplated by the agreement between the parties to be submitted to arbitration (*Matter of Howard & Co.* v. *Daley*, 27 N Y 2d 285; *Matter of Long Is. Lbr. Co.* [*Martin*], 15 N Y 2d 380). Once it is determined that an arbitrable issue exists, the resolution of the merits of the issue is the duty of the arbitrator. That an arbitrable issue existed is clear. The collective bargaining agreement between the parties provided for sabbatical leaves, with detailed terms with respect to eligibility of applicants, and criteria for the granting of leave; applications

were to be made on or before January 1 preceding the year of absence, and notice of granting was to be given by March 31 next succeeding. A grievance procedure was provided in the agreement and, if the grievance were not thus settled, arbitration of the dispute was stipulated. As the record shows, the three applicants concerned followed the agreement in seeking sabbatical leave; in March, 1971 the committee authorized to review applications and to make recommendations approved the three applicants and they were so informed; in the past the same process had been in effect and the applicants then approved had been granted sabbatical leaves. However, after April 12, 1971 the three applicants were told that the passage of section 82 of the Civil Service Law prevented the granting of the leaves. Section 82 of the Civil Service Law, however, preserves contractual rights in existence and enforceable at the time of its effective date. Plainly, an arbitrable issue was presented whether the conduct of the parties under their agreement had ripened into a contractual right running to the three applicants as of April 12, 1971.